THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN SWIGGUM,

        Plaintiff,

v.

EAN SERVICES, LLC,

        Defendant.

Case No._____

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, defendant EAN Services, LLC ("EAN Services") hereby removes this action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. In support of removal, EAN Services states as follows:

1. On February 8, 2021, Plaintiff Kathryn Swiggum, individually and on behalf of all others similarly situated, filed a complaint and commenced a civil action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, captioned *Swiggum v. EAN Services, LLC*, case no. 21-000647-CI (the "State Court Action"). Plaintiff's complaint relates to her claim that EAN Services' use of session replay software on its website violates the Florida Security of Communications Act, Florida Statutes section 934.01. (Complaint ¶¶ 1-2.)

2. EAN Services was served on February 10, 2021.

3. True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto. No other pleadings or motions have been filed in the State Court Action.

4. The basis for removal and this Court's original jurisdiction derives from 28 U.S.C.

section 1332 as this is a purported class action in which the complaint alleges the putative class includes no less than 100 individuals, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which the plaintiff is a citizen of a State different from the defendant. Removal is proper under 28 U.S.C. section 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. section 1332(d)(2).

5. EAN Services files this notice of removal within thirty days of service of the complaint on EAN Services. 28 U.S.C. § 1446(b)(3).

## Diversity Jurisdiction

6. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. section 1332, because (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

7. First, this case is a purported class action. The proposed class is composed of "[a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." (Compl. ¶ 20.)

8. Second, the proposed class exceeds 100 individuals. (Compl. ¶ 22; *see also* **Exhibit A**, Declaration of Kenneth C. Kreh, ¶ 2.)

9. Third, the plaintiff is a citizen of a different State than the defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff Kathryn Swiggum is a citizen of Pinellas County, Florida. (Compl. ¶ 5.) Defendant EAN Services is a Delaware limited liability company with its principal place of

business in St. Louis, Missouri. *See* 28 U.S.C. § 1332(d)(10) (stating that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Additionally, the sole member of EAN Services is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri. EAN Services is therefore a citizen of Delaware and Missouri.

10. Fourth, the amount in controversy in this putative class action, as alleged in plaintiff's complaint, exceeds $5,000,000. Although the complaint does not specify the amount of damages plaintiff and the class seeks in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff alleges that "the aggregate damages sustained by the class are potentially in the millions of dollars." (Compl. ¶ 28.) Plaintiff seeks liquidated damages of $1000 for each member of the proposed class. (Compl. ¶ 39.) EAN Services' records show that during the past two-year period, there have been more than 5,000 visits to its website from IP addresses in Florida. (**Ex. A** ¶ 2.) The amount in controversy therefore exceeds $5,000,000, exclusive of interests and costs.

## Other Requirements for Removal

11. The United States District Court for the Middle District of Florida embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. section 1446(a). Pinellas County, Florida lies in the Tampa Division of this Court.

12. Pursuant to 28 U.S.C. section 1446(d), a copy of this notice is being served on counsel for plaintiff and a copy is being filed with the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

13. This notice is signed pursuant to Federal Rules of Civil Procedure Rule 11.

14. A copy of the civil cover sheet is attached hereto.

This 2nd day of March, 2021        Respectfully submitted,

           */s/ J. Douglas Baldridge*
J. Douglas Baldridge
Florida Bar No. 0708070
Theodore B. Randles
Florida Bar No. 115790
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile:  (202) 344-8300
Email: jbaldridge@venable.com
Email: tbrandles@venable.com

*Attorneys for Defendant*
*EAN Services, LLC*