IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR MANATEE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2021CA000168

KATHRYN SWIGGUM, *individually and on behalf of all others similarly situated*,

        Plaintiff,

v.

BEALL'S, INC.,

        Defendant.

_____/

### ORDER DENYING DEFENDANT BEALL'S, INC.'S MOTION TO DISMISS AND SETTING DEADLINE FOR DEFENDANT'S DISCOVERY RESPONSES

**THIS MATTER** came before the Court for a Zoom virtual hearing on Wednesday, June 9, 2021, at 10:00 a.m., upon Defendant Beall's, Inc.'s Motion to Dismiss First Amended Class Action Complaint (the "Motion"). The Court, having carefully reviewed the Motion, Plaintiff's opposition to the Motion, and Beall's reply in support of the Motion, having heard the parties' oral argument during the hearing, and being otherwise duly advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that the Motion is **DENIED** for the reasons stated on the record during the hearing. Defendant shall file its answer by **June 23, 2021**. Defendant shall have until **July 9, 2021** to respond to Plaintiff's written discovery requests.

**DONE AND ORDERED** in chambers at Manatee County, Florida.

eSigned by CHARLES SNIFFEN, Circuit Judge  06/10/2021 16:34:35 yjjsFsuJ

Hon. Charles Sniffen
CIRCUIT COURT JUDGE

Copies furnished to counsel of record
(Via the Florida Courts E-Filing Portal)

Page 1

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

KATHRYN SWIGGUM, individually, and
on behalf of all others similarly situated,

    Plaintiff,

vs.                CASE NO.:  2021CA000168

BEALL'S INC.,

    Defendant.

HEARING BEFORE THE HONORABLE CHARLES SNIFFEN
(All parties and court reporter appeared by Zoom)

DATE:                    June 9, 2021

TIME:                    10:00 a.m. to 11:08 a.m.

REPORTED BY:             Arlyanna L. Salgat, RMR
                         Riesdorph Reporting Group,
                         a Veritext Company
                         201 East Kennedy Boulevard
                         Suite 712
                         Tampa, Florida 33602
                         (813) 222-8963

                         Pages 1 to 53

```
 1   APPEARANCES:
 2   MANUEL S. HIRALDO, ESQUIRE
     Hiraldo, P.A.
 3   401 East Las Olas Boulevard, Suite 1400
     Ft. Lauderdale, Florida 33301
 4          Attorney for Plaintiff
 5
     MARK A. SALKY, ESQUIRE
 6   - and -
     STEPHANIE PERAL, ESQUIRE
 7   Greenberg Traurig, P.A.
     333 Southeast 2nd Avenue, Suite 4400
 8   Miami, Florida 33131
 9   - and -
10   CHARLES F. JOHNSON, ESQUIRE
     Blalock Walters, P.A.
11   802 11th Street West
     Bradenton, Florida 34205
12          Attorneys for Defendant
13
14
15
16
17
                         I N D E X
18
     Proceedings................................ Page 03
19
     Reporter's Certificate..................... Page 53
20
21
22
23
24
25
```

Page 48

1   is also under the same eavesdropping statute that the
2   Graham versus Noom, the Blue Nile case, and the Yale
3   versus Clicktale cases were under.
4        The cases he cited for content all deal with
5   capturing information on visits to other websites.
6   It has nothing to do with monitoring the use on your
7   own website, so, Your Honor, the cases that he cites
8   are just of no moment.
9        Lastly, Your Honor, counsel said that our
10  disclosure was buried on the bottom of our web page.
11  Your Honor, if the Plaintiff wants to bury our head
12  in the sand, then that's fine, but as I mentioned, if
13  you go to any retailer's website, the privacy policy
14  is going to be found in a link on the bottom of the
15  website.  It's not buried anywhere.
16       Your Honor, we submit that the FSCA does not
17  apply here.  Your Honor should dismiss the case with
18  prejudice.  If not, Your Honor, then for all the
19  other reasons, we argue the case should be dismissed.
20  Thank you for your patience and your time.
21       THE COURT:  No problem, Mr. Salky.
22       So the Court, having considered the arguments of
23  the parties, is going to rule as follows:  I'm going
24  to deny the Motion to Dismiss because I think the
25  Amended Complaint is sufficiently pled to survive a

1       Motion to Dismiss.
2              I still have some -- I recognize that some
3       issues of fact ultimately may inform the Court's
4       decision as to whether or not the alleged electronic
5       communication includes items that have, you know,
6       substance, purport, or meaning, but I think pleading
7       the type of electronic communication, meaning
8       keystrokes, entry of information, mouse movements,
9       et cetera, is sufficient to survive a Motion to
10      Dismiss, but ultimately once the actual activities
11      are determined, the Court will have to revisit the
12      analysis on whether that constitutes an electronic
13      communication under the statute.
14             I also recognize that the electronic
15      communication definition includes the word
16      "transfer," which I don't think was briefed by the
17      parties but would be important for the Court to
18      understand what the meaning of the word "transfer" is
19      in determining whether or not any of the activities
20      engaged in by the Plaintiffs constituted an
21      electronic communication.
22             The argument that the Plaintiff failed to
23      adequately allege that there was an electronic,
24      mechanical, or other device used, I'm going to deny
25      that because I think that the Complaint read as a

Page 50

1    whole makes it clear that the software in conjunction
2    with some other hardware was the basis by which the
3    alleged interception occurred.
4         The exclusion to the FSCA as it pertains to
5    permitting the tracking of movement I think would be
6    an affirmative defense that would have to be raised
7    and would not be ripe for adjudication on a Motion to
8    Dismiss.
9         Likewise, the Court finds that the reasonable
10   expectation of privacy issues as well as the privacy
11   policy which allegedly appears on the website are
12   issues that would be outside the four corners of the
13   Complaint and would also have to be developed by
14   facts and would be more appropriately addressed
15   through a Motion for Summary Judgment than a Motion
16   to Dismiss.
17        Mr. Salky raised the argument that the Amended
18   Complaint lacked an allegation that the interception
19   occurred contemporaneously with the transmission.
20   However, as I read the Amended Complaint, it appears
21   to the Court that paragraph 31 is satisfactory pled
22   on that basis.
23        So I may not have read -- addressed every
24   detail of the various arguments that were raised by
25   the parties, but in general terms, for the reasons I

Page 51

1    just articulated on the record, the Court is going to
2    deny the Motion to Dismiss.
3         How much time would you like to answer,
4    Mr. Salky?
5         MR. SALKY:  Your Honor, if we could have
6    14 days.
7         THE COURT:  I'm sorry?  How many days?
8         MR. SALKY:  14, Your Honor?  Would that be okay?
9         THE COURT:  Oh, sure, that's fine.
10        And, Mr. Hiraldo, if you'll prepare an order
11   denying the Defendant's Motion to Dismiss and
12   indicate that it's being denied for the reasons
13   stated on the record.
14        MR. HIRALDO:  Yes, Your Honor.
15        THE COURT:  All right.  Thank you, everybody.
16        MR. SALKY:  Your Honor, real quickly, we were
17   supposed to address with Your Honor the -- we filed a
18   Motion to Stay Discovery.  That motion was granted by
19   Judge Williams, who was covering for Your Honor.  We
20   have -- you know, he said we should address it with
21   you during today's hearing.  I would ask for 30 days
22   from today to respond to the outstanding discovery.
23        THE COURT:  That's fine.  So I'll lift the stay,
24   but I'll allow 30 days to submit the responses.
25        MR. SALKY:  Thank you, Your Honor.