UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN SWIGGUM, *individually and
on behalf of all others similarly situated,*

    Plaintiff,

v.                                           Case No. 8:21-cv-493-TPB-CPT

EAN SERVICES, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS FIRST AMENDED COMPLAINT

This matter is before the Court on "Defendant's Motion to Dismiss First Amended Complaint with Incorporated Memorandum of Law," filed on April 13, 2021. (Doc. 15). On April 29, 2021, Plaintiff filed a response in opposition to the motion. (Doc. 20). Both parties have filed notices of supplemental authority. (Docs. 24; 25; 26; 28; 29; 30). After reviewing the motion, response, supplemental authority, court file, and the record, the Court finds as follows:

### Background

Defendant EAN Services operates a website at www.enterprise.com. According to Plaintiff Kathryn Swiggum, Defendant violated the Florida Security of Communications Act ("FSCA") based on its use of session replay software to record "Plaintiff's mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, and pages and content viewed by Plaintiff" when she visited the website.

On February 8, 2021, Plaintiff filed a putative class action lawsuit in state court, which Defendant removed to this Court on March 2, 2021, pursuant to the Class Action Fairness Act. (Doc. 1). Plaintiff later filed a one-count amended complaint, alleging that she and class members are entitled to injunctive relief, damages, reasonable attorney's fees, litigation costs, and other legal remedies. (Doc. 11). Defendant has moved to dismiss the complaint. (Doc. 15).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant moves to dismiss the complaint, arguing that Plaintiff has failed to and cannot state a claim for relief. Specifically, Defendant argues that Plaintiff has failed to plead factual allegations showing that the content of her communications was intercepted, and she does not sufficiently allege she incurred any harm.

This case involves a "somewhat novel, unique application of Florida law." *See Cardoso v. Whirlpool Corp.*, No. 21-CV-60784-WPD, 2021 WL 2820822, at *2 (S.D. Fla. July 6, 2021). As such, the Court has carefully reviewed and considered the cases provided by the parties and concludes that the FSCA does not apply to Plaintiff's claims regarding session replay software on a commercial website. *See, e.g.*, *id.* at *1-2 (citing *Jacome v. Spirit Airlines, Inc.*, No. 2021-000947-CA-01 (Fla. 11th Cir. Ct. June 17, 2021)). The Court adopts the analysis and reasoning presented in these cases. As such, the motion to dismiss is due to be granted.

Because the Court has concluded that the FSCA does not apply to Plaintiff's session replay technology claims, it appears that amendment is futile. However, in an abundance of caution, the Court will grant leave for Plaintiff to file an amended complaint, if she may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss First Amended Complaint with Incorporated Memorandum of Law" (Doc. 15) is hereby **GRANTED**.

2) The amended complaint (Doc. 11) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3) Plaintiff is directed to file an amended complaint on or before August 2, 2021. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of July, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**